STATE, Plaintiff, vs. NOWICKI, Defendant.

*December 2—December 30, 1949.*

*Harlan B. Rogers,* special counsel for the Board of State Bar Commissioners, for the plaintiff.

*Douglas J. Mangan* of Milwaukee, for the defendant.

PER CURIAM. After the trial of the issues the referee made findings of fact which fully warranted his conclusions:

That defendant violated "his oath of office as an attorney and the canons of ethics, in that:

"1. The defendant violated sec. 256.29 of the revised statutes, in failing to preserve inviolate the secrets of his client, Szperka;

"2. The defendant wholly failed to perform his duties to his client when he effectively refused to draft a will in accordance with the wishes of his client, but, rather, drafted one in accordance with his own wishes, and in exercising improper influence and erroneously advising the testator of the law pertaining to the validity of the will;

"3. The defendant prepared a will when he had grave doubts as to the competency of the testator, and the belief that the testator had come under undue influence exercised by some member of his family;

"4. The defendant attested to the competency of the testator when he did not believe he was competent;

"5. The defendant signed what he should have known was the usual and customary written form adopted in support of the admission of the will to probate, and then later, on the trial, contesting the validity of the will, testifying that at the time of the execution of the will, he did not think the testator was competent and did believe that he was acting under undue influence from some source."

Upon the referee's findings and conclusions he recommended:

"That the defendant be required to pay the costs of this proceeding, and that his license to practice law before the courts of the state of Wisconsin be suspended, pending full payment thereof."

Upon due consideration of defendant's misconduct and violations in the respects stated above, it is evident that he is unqualified and unfit to continue as a member of the bar, and that judgment of absolute revocation of defendant's license to practice law before all courts of this state should be entered.

Therefore it is hereby ordered and adjudged that the name of defendant, Walter J. Nowicki, be and the same is hereby stricken from the roll of attorneys of this court,

and the license to practice law heretofore granted to him be and is hereby revoked and he is forbidden to practice law or hold himself out to the public as a lawyer in this state.